IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTINE PITTAM,<br><br>  Plaintiff,<br>v.<br><br>THE LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:24-cv-00730-DAK-JCB<br><br>Judge Dale A. Kimball<br>Magistrate Judge Jared C. Bennett |

  This matter is before the court on Defendant's Motion for Judgment on the Pleadings (the "Motion"). The court held oral argument on the Motion on August 6, 2025. Plaintiff Christine Pittam ("Plaintiff" or "Ms. Pittam") was represented by Samuel M. Hall, and Defendant The Life Insurance Company of North America ("LINA") was represented by Kristina N. Holmstrom. Now being fully informed, the court issues the following Memorandum Decision and Order granting the Motion.

## BACKGROUND

  Ms. Pittam alleges that she was covered by a group long-term disability ("LTD") policy LINA issued to her former employer, Salt Lake City School District. *See* Complaint ("Compl.") ¶ 4, ECF No. 1. Ms. Pittam stopped working in February 2017 due to fibromyalgia and other conditions. *See* Compl. ¶ 9, ECF No. 1. LINA approved Ms. Pittam's claim effective August 22, 2017. *Id.* ¶ 24, ECF No. 1. On June 21, 2021, LINA terminated Ms. Pittam's benefits because it determined she no longer met the group policy's definition of disabled. *Id.* ¶ 38, ECF No. 1. Ms. Pittam alleges that LINA wrongfully terminated her LTD benefits on June 21, 2021, but did not file the instant lawsuit until September 30, 2024. Plaintiff does not dispute that she waited more

than three years to file a lawsuit after her benefits were terminated. Plaintiff contends, however, that the Policy's contractual limitations provision extends the applicable limitations period and that some of her claims are timely under a continuous accrual theory.

## DISCUSSION

### Plaintiff's Claims Are Untimely Under Utah's Three-Year Statute of Limitations Period for Contracts of First-Party Insurance.

Utah Code Ann. § 31A-21-313 provides that "[a] person shall commence an action on a written policy or contract of first party insurance within three years after the inception of loss" and that an insurance policy may not "limit the time for beginning an action on the policy to a time less than that authorized by statute." The Utah Supreme Court has consistently found that this statute governs claims made pursuant to contracts of first-party insurance and has held that a "first-party" insurance contract exists "where the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured." *Beck v. Farmers Ins. Exchange*, 701 P.2d 795, 798 n.2 (Utah 1985); *see also Tucker v. State Farm Mut. Auto. Ins. Co.*, 2002 UT 54, ¶¶ 13-14, 53 P.3d 947 (relying on the *Beck* court's definition of "first-party" insurance contracts).[1]

The Policy at issue in this case requires LINA to pay LTD benefits if Ms. Pittam proves she meets her burden of proving she is disabled within the meaning of the Policy. Accordingly, the Policy at issue is a "first-party" insurance contract under Utah law, and Ms. Pittam's claims against LINA are thus governed by a three-year statute of limitations beginning at the inception of loss. *See Tucker* 2002 UT 54, ¶ 14, 53 P.3d 947 (upholding the district court's determination

---

[1] In contrast, a "third-party" insurance contract exists where "the insurer contracts to defend the insured against claims made by third parties against the insured and to pay any resulting liability, up to the specified dollar amount." *Id.*

that plaintiffs' claims against their insurer "must [have been] commenced within three years after the inception of the loss.").

The "loss" applicable to this case occurred on June 21, 2021, when LINA terminated Plaintiff's LTD benefits. Pursuant to § 31A-21-313 of the Utah Code, Ms. Pittam therefore had until June 21, 2024, to file this lawsuit. Ms. Pittam, however, did not file her Complaint until September 30, 2024. Her claims are therefore time-barred.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that LINA's Motion for Judgment on the Pleadings [ECF No. 19] is GRANTED, and Ms. Pittam's action is DISMISSED.

DATED this 20th day of August 2025.

BY THE COURT:

Judge Dale A. Kimball
United States District Judge

3